# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 2:11-cv-121-GZS ) |
| RICHARD B. KEARSLEY, | ) ) ) |
| Defendant. | ) |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court is the Government's unopposed Motion for Summary Judgment (Docket # 7). As explained herein, the Court GRANTS the Government's Motion.

## I. LEGAL STANDARD

Summary judgment is proper where, on the record before the Court, it appears "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material fact" is one that that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993) (internal citations omitted).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In

determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004) (internal citation omitted).

Once the moving party has made this preliminary showing, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (internal citation and punctuation omitted). "Mere allegations, or conjecture unsupported in the record, are insufficient." Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011) (internal citation omitted). "[A]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (internal citation omitted).

"[E]ntry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment because the district court still must consider the plaintiff's … claim based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party." See Sanchez-Figueroa v. Banco Popular de Puerto Rico, 527 F.3d 209, 212 (1st Cir. 2008) (internal quotation and citation omitted).

## II. FACTUAL BACKGROUND

Construing the record in accordance with the legal standard just described and Local Rule 56(f), the Court finds the following undisputed facts:

On or about July 29, 1993, Richard B. Kearsley executed a promissory note to secure a loan under the loan guarantee program authorized by Title IV-B of the Higher Education Act of 1965. (Statement of Undisputed Material Facts ("SUMF") (Docket # 8) ¶ 1; Federal

Supplemental Loans for Students (SLS) Promissory Note (Docket #1-1); Certificate of Indebtedness #1 (Docket #1-2).) On August 18, 1993 through November 29, 1993, the loan was disbursed for $10,000 at a variable rate of interest to be established by the Department of Education. The loan obligation was guaranteed by the Great Lakes Higher Education Corporation and reinsured by the Department of Education under the loan guaranty program. On or about July 3, 1997, Kearsley defaulted upon the obligation and the holder filed a claim on the loan guarantee. The guarantee agency paid a claim in the amount of $13,671.73 to the holder. The Department of Education then reimbursed the guarantor under a reinsurance agreement. The guarantor attempted to collect the debt from the borrower, but was unsuccessful. The guarantor then assigned its right and title to the loan to the Department of Education. The Department credited a total of $27.88 in payments, and as of January 12, 2011, Kearsley was indebted to the Department in the principal amount of $13,671.73, and interest in the amount of $11,176.97, for a total amount due of $24,848.70. Interest accrued from January 20, 2011 at the rate of 3.39% per annum through June 30, 2011, and thereafter at such a rate as the Department of Education establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a. (SUMF ¶ 2; Certificate of Indebtedness #1.)

Demand has been made upon Kearsley by the Government for the sum due, but the amount due remains unpaid. (SUMF ¶ 3.) Kearsley is not asserting that he is in the military service of the United States or that he is an infant or a mentally incompetent person. (SUMF ¶ 4.)

In addition, on or about July 29, 1993,[1] December 5, 1993, May 18, 1994, and June 5, 1995, Kearsley executed additional promissory notes to secure an additional loan under the loan guaranty program authorized pursuant to Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (SUMF ¶ 5; Federal Stafford Loan Promissory Notes (Docket # 1-3); Application and Promissory Notes (Docket # 1-3); Certificate of Indebtedness #2 (Docket # 1-4).) The loan was disbursed for $7,500.00, $1,000.00, $8,500.00, $10,000.00, $8,500.00, and $10,000.00 on August 18, 1993 through December 1, 1995 at a variable rate of interest to be established by the Department of Education. The loan obligation was guaranteed by the Great Lakes Higher Education Corporation and reinsured by the Department of Education under the loan guaranty program. The holder demanded payment according to the terms of the note, and credited $760.00 to the outstanding principal owed on the loan. On or about July 4, 1997, Kearsley defaulted on the obligation and the holder filed a claim on the loan guarantee. The guarantee agency paid a claim in the amount of $51,162.24 to the holder, and the guarantor was then reimbursed for that claim payment by the Department of Education under the reinsurance agreement. The guarantor attempted to collect this debt from Kearsley but was unsuccessful. The guarantor assigned its right and title to the loan to the Department, who credited a total of $128.67 in payments to the balance. As of January 12, 2011, Kearsley was indebted to the Department of Education in the principal amount of $51,922.24, and interest in the amount of $40,001.13, for a total amount due of $91,923.37. Interest accrued from January 12, 2011 at the rate of 3.27% per annum through June 30, 2011, and thereafter at such rate as the Department of Education establishes pursuant to section 427A of the Higher Education Act of

---

[1] According to the record before the Court, Kearsley executed two separate promissory notes on July 29, 1993. (See Federal Supplemental Loans for Students (SLS) Promissory Note (Docket #1-1) and Federal Stafford Loan Promissory Note (Docket # 1-3)).

1965, as amended, 20 U.S.C. § 1077a. (SUMF ¶ 6; Certificate of Indebtedness #2.) Demand has been made upon Kearsley by the Government for the sum due, but the amount due remains unpaid.

## III. DISCUSSION

"The Government can establish a prima facie case that it is entitled to collect on a promissory note if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." See Guillermety v. Sec'y of Educ., 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003); see also United States v. Andrews, No. 10-202-P-S, 2010 WL 4339376, at *1 (D. Me. Oct. 25, 2010); United States v. Emanuel, Civ. No. 09-185-SM, 2009 WL 4884482, at *2 (D.N.H. Dec. 10, 2009); United States v. Bennett, No. 4:08-cv-5, 2008 WL 4510256, at *2 (E.D. Tenn. Oct. 1, 2008). Once the Government has established a prima facie case, the Defendant has the "burden of proving the nonexistence, extinguishment, or variance in payment of the obligation." See Guillermety, 341 F. Supp. 2d at 688.

Here, the Government has provided with its complaint copies of the signed promissory notes executed by Kearsley to secure the student loans and two certificates of indebtedness signed under the penalty of perjury by a loan analyst. The Government, therefore, has established a prima facie case. Defendant has not responded to the Government's Motion for Summary Judgment; accordingly, he has not borne his burden to rebut the Government's prima facie case. See Bennett, 2008 WL 4510256, at *2 (citing Guillermety, 341 F. Supp. 2d at 688).[2]

---

[2] The Court notes that the Government's Motion appears to include factual information concerning individuals other than the Defendant in the case. (See Motion for Summary Judgment at 1, ¶ 2.) Moreover, contrary to the Government's assertions in its Motion, Defendant does not assert that the Government's claims are time barred by the applicable statute of limitations or by operation of the defense known as laches. (See id. at 4.) To the extent that portions of the Government's Motion appear related to United States v. Andrews, No. 10-202-P-S, 2010 WL 4339376 (D. Me. Oct. 25, 2010), the Court has disregarded those portions. Nevertheless, based upon the Court's review of all submissions in this case, including the Government's Statement of Undisputed Material Facts (Docket # 8), the Complaint and relevant attachments (Docket # 1), and Defendant's Answer (Docket # 5), the Court remains satisfied that the record supports an award of summary judgment.

5

## IV. CONCLUSION

For the reasons set forth herein, the Government's Motion for Summary Judgment as to Counts I & II of the Government's Complaint (Docket # 7) is GRANTED.

SO ORDERED.

                                               /s/ George Z. Singal
                                               United States District Judge

Dated this 13th day of December, 2011.